USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/22/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
:
MECO ELECTRONIC CO. INC.,                       :
:
                                Plaintiff,:
:          1:21-cv-9166-GHW
         -against-                          :
:     ORDER ADOPTING REPORT &
SIEMENS INDUSTRY, INC.,                         :         RECOMMENDATION
:
                              Defendant.:
------------------------------------------------------------X

## I.    INTRODUCTION

Plaintiff MECO Electric Co., Inc., brought this action against Defendant Siemens Industry, Inc., alleging breach of contract and, in the alternative, unjust enrichment. On September 6, 2022, Judge Robert W. Lehrburger issued a Report & Recommendation, recommending that the Court dismiss Plaintiff's amended complaint with prejudice except as to Plaintiff's breach of contract claim for contract balance and retainage damages, which Judge Lehrburger recommended the Court dismiss without prejudice. Because Judge Lehrburger's conclusions that Plaintiff's breach of contract claim fails to plausibly allege strict compliance with conditions precedent and Plaintiff's unjust enrichment claim fails as abandoned are sound, the Court adopts the Report in its entirety. Accordingly, the Court dismisses Plaintiff's amended complaint with prejudice except as to Plaintiff's breach of contract claim for contract balance and retainage damages, which the Court dismisses without prejudice.

## II.    BACKGROUND

The Court refers to the Report & Recommendation issued by Judge Lehrburger (the "Report"), Dkt. No. 31, for a comprehensive description of the facts and procedural history of the case but will briefly review the procedural history relevant to this motion.

Plaintiff filed the initial complaint on November 5, 2021.  Dkt. 1.  The Court referred the case to Judge Robert W. Lehrburger for general pretrial purposes and all dispositive motions.  Dkt. No. 6.  Plaintiff filed the first amended complaint on February 9, 2022 (the "FAC"), and the second amended complaint on April 2, 2022 (the "SAC").  Dkt. Nos. 12, 23.  Defendant moved to dismiss the SAC on May 24, 2022.  Dkt. Nos. 26-28.

Judge Lehrburger issued his Report on September 6, 2022, recommending that the Court grant Defendant's motion to dismiss the SAC.  Judge Lehrburger concluded that Plaintiff's breach of contract claim failed to plausibly allege strict compliance with conditions precedent.  Report at 6-7.  Judge Lehrburger also concluded that Plaintiff's unjust enrichment claim failed "as abandoned, and in any case should be dismissed because it does not plead any facts that suggest the Subcontracts are not valid and controlling."  Report at 7.  Judge Lehrburger recommended that, because Plaintiff had two opportunities to amend the complaint, further amendment would be futile and the SAC should be dismissed with prejudice except as to Plaintiff's breach of contract claim for contract balance and retainage damages, which he recommended the Court dismiss without prejudice.  Report at 26-27.

Plaintiff filed one objection to the Report on September 20, 2022 (the "Objection").  Dkt. No. 32.  The Objection is very brief.  The Objection solely addresses the portion of the Report that recommended the dismissal of Plaintiff's "total cost" claim.  *Id.*  Plaintiff argues that it sufficiently pleaded its total cost claim under Rule 9(c) by alleging in its SAC that "Siemens' conduct was akin to death by a thousand cuts.  Siemens' conduct built up over time such that by each project's end MECO incurred a serious loss."  *Id.*

### III.   LEGAL STANDARD

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

judge." 28 U.S.C. § 636(b)(1). Parties may raise specific, written objections to the report and recommendation within fourteen days of receiving a copy of the report. *Id.*; *see also* Fed. R. Civ. P. 72(b)(2).

When a party timely objects to a magistrate's report and recommendation, a district court reviews *de novo* "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). But where "the party makes only frivolous, conclusory or general objections, or simply reiterates her original arguments, the Court reviews the report and recommendation only for clear error." *Chen v. New Trend Apparel, Inc.*, 8 F. Supp. 3d 406, 416 (S.D.N.Y. 2014) (quoting *Silva v. Peninsula Hotel*, 509 F. Supp. 2d 364, 366 (S.D.N.Y. 2007)). "Further, the objections 'must be specific and clearly aimed at particular findings in the magistrate judge's proposal.'" *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009) (quoting *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)). The Court also reviews for clear error those parts of the report and recommendation to which no party has timely objected. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); 28 U.S.C. § 636(b)(1)(A).

**IV.   DISCUSSION**

Plaintiff's objection only merits clear error review. The Objection fails to discuss the principal rationale for Judge Lehrburger's decision—namely that Plaintiff's claim for "total cost" damages is "at most a conclusory, threadbare statement, and particularly in light of facts pled to the contrary, the Court is unable to draw the reasonable inference that any such condition precedent was satisfied or that Siemens impeded MECO from satisfying it." Report at 13-14. Judge Lehrburger concluded that Plaintiff admitted he failed to strictly comply with conditions precedent in Article 16.1 of each Subcontract and plausibly allege how Defendant's actions rendered compliance impossible. Report at 11. Because Plaintiff only makes "conclusory, or general objections, or simply reiterates her original arguments," the Court reviews the report and recommendation for

3

clear error only: the Court finds none. *Chen v. New Trend Apparel, Inc.*, 8 F. Supp. 3d 406, 416 (S.D.N.Y. 2014) (quoting *Silva v. Peninsula Hotel*, 509 F. Supp. 2d 364, 366 (S.D.N.Y. 2007)).

**V.    CONCLUSION**

For the reasons described above, the Court adopts the Report in full and dismisses the SAC with prejudice except as to Plaintiff's breach of contract claim for contract balance and retainage damages, which the Court dismisses without prejudice.

The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. No. 26.

SO ORDERED.

Dated: September 22, 2022
New York, New York

GREGORY H. WOODS
United States District Judge

4